**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

David E Kelly,

                 Plaintiff,

v.

Raymond Cedric Young, et al.,

                 Defendants.

No. CV-25-02376-PHX-MTL

**ORDER**

Before the Court is *pro se* Plaintiff David Kelly's Amended Complaint (Doc. 19), Motion to Retransfer Venue (Doc. 32), Motion to Direct the U.S. Marshals Service to Serve All Defendants (Doc. 40), and several miscellaneous motions (Docs. 24, 28, 37, 39).

## I.    FACTUAL BACKGROUND

This case centers around a photograph titled, "Remembering September 11, 2001." (Doc. 19 ¶ 18.) Mr. Kelly alleges he is the sole creator of this image and provides its registration with the United States Copyright Office, which lists Mr. Kelly as the claimant. (*Id.* ¶ 32.) According to the complaint, Defendant Raymond Young "[i]n or around 2002, . . . unlawfully created an altered digital copy of the image and began printing and distributing counterfeit version for personal profit." (*Id.* ¶ 19.) Mr. Kelly alleges that "[o]ver 300,000 counterfeit units were sold between 2002 and 2025, including through eBay, Field of Dreams retail outlets, military base commissaries, and Sheriff Joe Arpaio's charity auctions in Arizona." (*Id.* ¶ 20)

Mr. Kelly made efforts to report Mr. Young's "fraud, criminal activity, and threats"

to various authorities. (*Id.* ¶ 27.) Mr. Kelly alleges that these authorities, including various police departments, the Federal Bureau of Investigation, the Federal Trade Commission, the Arizona Attorney General, and the Phoenix District Attorney, provided no meaningful protection. (*Id.*)

## II.    PROCEDURAL HISTORY

Prior to explaining what has happened in this case, it is worth noting what happened before it. Mr. Kelly previously brought two cases related to the photograph. The first was a Maricopa County Superior Court case, case number CV2006-091932, addressing a breach of contract claim "based specifically on the approximately 50,000 counterfeit prints and 250 counterfeit banners initially printed and distributed by Defendant Raymond Cedric Young." (*Id.* ¶ 29.) Plaintiff argues the alleged counterfeit units forming the basis of the Amended Complaint "were not included in the damages award under the breach of contract claim . . . [and] represent separate and distinct acts of infringement and fraud." (*Id.* ¶ 30.)

The second was brought in federal court in the District of Arizona. *See Kelly v. Maricopa Cnty. Sheriff's Off.*, No. CV-15-02572-PHX-GMS, 2017 WL 6054675 (D. Ariz. Dec. 7, 2017). In that case, Plaintiff alleged copyright infringement against the Maricopa County Sheriff's Office and then-Sheriff Joseph Arpaio. *Id.* at *1. Defendant Maricopa County Sheriff's Office filed a Motion for Summary Judgment. *Id.* The court granted the Motion for Summary judgment, finding the alleged infringement prior to December 2012 was barred under the statute of limitations and any infringement alleged after December 2012 was not "sufficient to withstand summary judgment" as Plaintiff "fail[ed] to create an issue of fact." *Id.* at *3.

On June 10, 2025, Mr. Kelly initiated the present suit in the Southern District of Indiana. (Doc. 1.) The case was transferred to the District of Arizona. (Doc. 8.) This Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 14.) Pursuant to 28 U.S.C. § 1915(e)(2), this Court screened Mr. Kelly's complaint and found that it failed to state a legal claim. (*Id.* at 1, 6.) The Court gave Plaintiff leave to file an amended complaint as to the balance of the claims not dismissed with prejudice. (*Id.* at 6-7.) Plaintiff filed this

Amended Complaint. (Doc. 19.)

Mr. Kelly raises three claims in his amended complaint. (*Id.* ¶¶ 31-45.) Count One alleges copyright infringement under 17 U.S.C. § 501 for the reproduction and sale of the photograph. (*Id.* ¶¶ 31-35.) Count Two alleges a violation under the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c). (*Id.* ¶¶ 36-40.) Count Three alleges fraud based on false representations regarding the ownership, licensing, and distribution of the photograph. (*Id.* at 41-45.)

In addition to Mr. Young, the main subject of Mr. Kelly's allegations, the complaint brings these claims against numerous defendants. (Doc. 19 ¶¶ 10-16.) Mr. Kelly names Defendant Zandrea Young (Woods), Mr. Young's former spouse and alleged co-participant. (*Id.* ¶ 10.) Defendant Deja Hicks, Mr. and Ms. Young's daughter, allegedly received funds from Mr. Young. (*Id.* ¶ 11.) Mr. Kelly claims Defendant Joe Arpaio, the former Sheriff of Maricopa County, participated in the distribution of counterfeit prints. (*Id.* ¶ 12.) Defendant Maricopa County Sheriff's Department allegedly enabled, failed to investigate, or actively obstructed inquiries into the alleged counterfeiting. (*Id.* ¶ 13.) Defendant Ebay Inc. allegedly facilitated and profited from the sale of counterfeit prints. (*Id.* ¶ 14.) Defendant United States Army Procurement Division allegedly purchased or authorized purchase of counterfeits. (*Id.* ¶ 15.) The complaint also contains Doe defendants involved in the distribution, storage, sale, or concealment of counterfeit prints. (*Id.* ¶ 16.) All counts are brought against all Defendants. (*Id.* ¶¶ 31-45.)

After filing his amended complaint (Doc. 19), Mr. Kelly filed two motions for summary judgment. (Docs. 24, 28.) The first is incomprehensible because of what appears to be an issue with how the typed text appears in the document (Doc. 24), so the Court assumes that the second motion (Doc. 28) is a corrected copy of the motion originally filed.

Mr. Kelly filed a Motion for Recusal. (Doc. 18.) While serving in the U.S. Attorney's Office, the then-presiding Judge Tuchi had received a letter requesting prosecution of Mr. Young. (*Id.*) When Mr. Kelly produced that letter, Judge Tuchi recused himself, and this case was reassigned to the presiding judge, where the case remains.

(Doc. 31.)

Mr. Kelly then filed an omnibus motion containing a Motion to Retransfer Venue, Motion for Summary Judgment, and Motion for Order for Forensic Financial and Travel Investigation. (Doc. 32.) Also pending are Mr. Kelly's Motion for Clerk's Entry of Default as to All Defendants (Doc. 37), Motion for Default Judgment (Doc. 39), and Motion to Direct the U.S. Marshals Service to Serve All Defendants (Doc. 40).

## III.   VENUE

As a threshold matter, this Court first satisfies itself that venue is proper in the District of Arizona. The District Court for the Southern District of Indiana transferred this case to the District of Arizona because the vast majority of events and parties are located in Arizona. (Doc. 8 at 3.) Although the prior court transferred this case based on allegations made in the complaint Mr. Kelly originally filed (Doc. 1), Mr. Kelly's amended complaint similarly alleges events that took place in Arizona and brings claims against defendants primarily based in Arizona (Doc. 19). This Court therefore adopts the reasoning in the prior order that found venue to be proper in the District of Arizona. (Doc. 8.)

The pertinent statute provides as follows:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which any defendant resides, if all defendants are residents of the State in which the district is located.

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a).

In Mr. Kelly's Motion to Retransfer Venue, he argues that "[t]he recusal of Judge John J. Tuchi confirms the existence of judicial bias and prejudice in this venue." (Doc. 32 at 2.) He also points to "a documented pattern of judicial misconduct, willful infringement, asset concealment, law enforcement refusals, and direct intimidation." (*Id.*)

This matter is now before a neutral judge. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S. § 455(a). Mr. Kelly makes no showing that calls into question the presiding judge's impartiality. And in any case, the proper vehicle for raising such questions and requesting appropriate relief from judicial bias would be a motion for recusal pursuant to 28 U.S.C. § 455(a), the provision that addresses a judge's impartiality. A motion to transfer venue is brought under 28 U.S.C. §§ 1391 and 455(a). As previously stated, Section 1391 explicitly spells out the requirements for proper venue, none of which involve judicial bias. 28 U.S.C. § 1391 Mr. Kelly's assertions about Judge Tuchi do not justify transferring this case.

The Court also finds no "documented pattern of judicial misconduct, willful infringement, asset concealment, law enforcement refusals, and direct intimidation" (Doc. 32 at 2). Attached to Mr. Kelly's motion are screen captures of Mr. Kelly's uploading of photos from Mr. Young's Facebook profile to ChatGPT. (*Id.* at 8-10.) Those screenshots also contain the AI platform's automated responses, which state, "[w]e can present this as part of a motion or supplement, showing," among other things, "Concealment of Assets/Income" and "Pattern of Misappropriation." (*Id.*) Mr. Kelly's motion also contains screenshots of the login portal for PACER. (Doc. 32 at 11-14.) These are not sufficient to support Mr. Kelly's contended "documented pattern," and these allegations do not bear on whether venue is proper anyway. The Court will deny Mr. Kelly's Motion to Retransfer Venue (Doc. 32).

## IV.    SCREENING PER 28 U.S.C. § 1915(e)(2)

The Court may screen complaints brought *in forma pauperis*. 28 U.S.C.

§ 1915(e)(2). The Court must dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* (citation modified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely" explanations for a defendant's conduct. *Id.* at 681.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (directing courts to "continue to construe *pro se* filings liberally"). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## A.    Parties

The amended complaint names the People of the United States as an additional

plaintiff. (Doc. 19 ¶ 7.) Mr. Kelly has provided no indication he is a lawyer licensed to practice law in any jurisdiction. "A non-lawyer has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Mr. Kelly cannot represent the People of the United States. *See, e.g.*, *Pectol v. Waikiki Police Dep't*, CIVIL NO. 22-00229 JAO-RT, 2022 WL 1749117, at *2 (D. Haw. May 31, 2022) ("Plaintiff also identifies as plaintiffs 'PEOPLE OF THE UNITED STATES.' Plaintiff has not indicated that he is an attorney who is licensed to practice law in Hawai'i so he cannot represent others." (internal citation omitted)). Pursuant to its authority under Federal Rule of Civil Procedure 21, the Court dismisses Plaintiff People of the United States from the amended complaint.

In a prior order, this Court dismissed, with prejudice, Mr. Kelly's claim against Maricopa County Sheriff's Department because it is not a jural entity subject to suit under Arizona law. (Doc. 14 at 3.) Notwithstanding that order, Plaintiff again names the department as a defendant. (Doc. 19 ¶ 13.) The department is still not a jural entity, so it is dismissed.

Similarly, Defendant United States Army Procurement Division may not be sued. "[T]he United States cannot be lawfully sued without its consent." *U.S. v. Lee*, 106 U.S. 196, 204 (1882). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *U.S. v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1990). The Court is unaware of any statute authorizing the U.S. Army Procurement Division to be sued under the laws applicable to Mr. Kelly's claims, and Mr. Kelly does not point to such a statute. The United States Army Procurement Division is dismissed.

Finally, Mr. Kelly improperly named fictitious defendants, Does 1-116. (Doc. 19 ¶ 16.) "There is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citation omitted). That is why "'Doe' pleading is improper in federal court." *Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). The named Doe defendants are dismissed.

### B.    Count One: Copyright Infringement

Mr. Kelly's copyright infringement claim is subject to the pleading standard under Federal Rule of Civil Procedure 8(a)(2). *Chihuly, Inc. v. Kaindl*, No. C05-1801-JPD, 2006 WL 83462, at *2 (W.D. Wash. Jan. 11, 2006). To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Woodland v. Hill*, 136 F.4th 1199, 1206 (9th Cir. 2025) (citation omitted). Mr. Kelly adequately pleads the first prong, ownership of the photograph, since the amended complaint contains his registration with the United States Copyright Office and states that he is the sole creator of the photograph. (Doc. 19 ¶ 32); 17 U.S.C. § 410(c) (stating that "[i]n any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). As for the second prong, "[c]opying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  As explained below, Mr. Kelly has sufficiently plead facts stating a copyright infringement claim against Defendant Raymond Young only.

#### 1.    Access

Proof of access requires "an opportunity to view or to copy plaintiff's work." *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1172 (C.D. Cal. 2017) (citation omitted). For example, a plaintiff can show access by "(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). The amended complaint states that Mr. Young "unlawfully created an altered digital copy," that the original photograph "was later reported stolen from [Mr. Kelly's] 300-pound safe," and that "the 300-pound safe stolen by Young's agents in 2010 from Plaintiff's parents home [also] contained . . . family heirlooms, financial records, and irreplaceable documents." (Doc. 19 ¶¶ 19, 20, 22.)

1    Because these allegations, construed liberally, state facts that plausibly allege that Mr.

2    Young obtained access to the copyrighted photograph that was stolen from Mr. Kelly's

3    safe, Mr. Kelly adequately pleads that Mr. Young had access to the photograph.

4         Beyond Mr. Young, Mr. Kelly does not assert facts demonstrating that the other

5    defendants had access to the copyrighted work. Specifically, Mr. Arpaio is said to have

6    participated in auctions and the distribution of counterfeit prints, but there are no

7    allegations that speak to how Mr. Arpaio obtained the photograph or counterfeits.

8    (*Id.* ¶ 12.)  Mr. Kelly's allegations are lacking with respect to the other defendants too. Mr.

9    Kelly alleges only that Ms. Young is a "co-participant in the operation and conceal[ed]

10   proceeds from the counterfeit sales," that Ms. Hicks "received funds from Raymond

11   Cedrick Young," and Ebay Inc. "facilitated and profited from the sale of counterfeit prints."

12   (*Id.* ¶ 10-11, 14.) Conclusory statements are not sufficient to state a claim. *Ashcroft*, 556

13   U.S. at 678. Mr. Kelly's bare allegations about these defendants' involvement do not "(1)

14   establish[] a chain of events linking the plaintiff's work and the defendant's access, or (2)

15   show[] that the plaintiff's work has been widely disseminated." *Art Attacks Ink*, 581 F.3d

16   at 1143. Absent more, Mr. Kelly fails to plead sufficient facts to establish these defendants

17   had access to his copyrighted work, so he cannot maintain a copyright infringement claim

18   against them.

19              **2.    Substantial Similarity**

20        Mr. Kelly also has to plead "that the works at issue are substantially similar in their

21   protected elements." *Cavalier*, 297 F.3d at 822. Mr. Kelly alleges that Mr. Young

22   "unlawfully created an altered digital copy of the image." (Doc. 19 ¶ 19.) Although Mr.

23   Kelly provides little detail, it is enough for Mr. Kelly to establish substantial similarity at

24   this stage of litigation. Courts will dismiss cases on the pleadings for lack of substantial

25   similarity only "when the copyrighted work and the alleged infringement are both before

26   the court, capable of examination and comparison." *Christianson v. West Pub. Co.*, 149

27   F.2d 202, 203 (9th Cir. 1945). Because Mr. Kelly has alleged facts that, taken as true,

28   would establish access and substantial similarity, he has adequately pled that Mr. Young

copied the copyrighted work. Mr. Kelly may proceed with his copyright infringement claim against Mr. Young.

### 3.    Statute of Limitations

The Court admonishes Mr. Kelly that he may not proceed with his copyright infringement claim to the extent any alleged infringement was discovered by Mr. Kelly more than three years prior to June 10, 2025, the date that Mr. Kelly initiated this case. A plaintiff must bring a civil suit for copyright infringement within three years after the claim accrues. 17 U.S.C. § 507(b). Each cause of action for copyright infringement accrues when the plaintiff knows or should know about the infringement. *Roley v. New World Picture, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). Mr. Kelly alleges that "counterfeit units were sold between 2002 and 2025." (Doc. 19 ¶ 20.) This case may proceed because the statute of limitations runs separately for each copyright violation, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), and a Court may dismiss a copyright infringement claim based on the running of the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Mr. Kelly may proceed with his copyright infringement against Mr. Young only for continued acts of infringement that Mr. Kelly became aware of on or after June 10, 2022.

### C.    Count Two: Civil RICO

"To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citation modified). Mr. Kelly alleges "Defendants constituted an enterprise engaged in racketeering activity, including mail and wire fraud, identity theft, perjury, obstruction of justice, and money laundering." (Doc. 19 ¶ 37.) The activity involved "hundreds of thousands of counterfeit sales using fraudulent identities and concealed banking." (*Id.* ¶ 38.) Also, "[t]he refusal of Arizona courts and law enforcement to protect [Mr. Kelly] . . . forms the basis of this civil RICO . . . action." (*Id.* ¶ 28.)

A RICO claim is subject to the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b) when the alleged predicate act is fraud. *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1172-73 (E.D. Cal. 2017) (citing *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)). Out of the predicate offenses, four sound in fraud: mail fraud, wire fraud, and identity theft. (Doc. 19 ¶ 37.) Those are subject to the heightened pleading standard, while the other predicate acts are not. Under Federal Rule of Civil Procedure 9(b)'s pleading standard for fraud, "a party must state with *particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s particularity requirement, the complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The plaintiff must also indicate "what is false or misleading about a statement, and why it is false." *Riehle v. Bank of Am., N.A.*, No. CV-13-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. 2013) (citation omitted).

The amended complaint does not plead facts that, taken as true, would establish the required elements to sustain a RICO claim. First, Mr. Kelly does not adequately allege the existence of an "enterprise," defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A plaintiff must plead three elements to show an association-in-fact enterprise exists. *Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1173. As another district court explained:

> First, plaintiffs must plead a common purpose. To show a common purpose, plaintiffs must allege that the group engaged in enterprise conduct distinct from their own affairs. Second, plaintiffs must plead an ongoing structure or organization to the enterprise, which may be either formal or informal. Plaintiffs must also allege facts showing some participation in the operation or management of the enterprise by members. Third, plaintiffs must plead that the enterprise had the

longevity necessary to accomplish its purpose. Finally, they must allege facts indicating that the alleged associates in the enterprise, over time, functioned as a continuing unit.

*Id.* at 1173-74 (citation modified).

Plaintiff simply states that "Defendants constituted an enterprise." (Doc. 19 ¶ 37.) Other allegations in the complaint do little to supplement that naked allegation. Mr. Kelly alleges that "Sheriff Joe Arpaio had direct ties with Raymond Young" and that there were "money transfers from Raymond Young to Deja Hicks," Mr. Young's daughter. (*Id.* ¶¶ 22-23.) The complaint also alleges that various police departments, state agencies, and federal agencies provided "no meaningful protection or enforcement." (*Id.* ¶ 27.) Conclusory statements that there are "ties" between two defendants and money transfers from a defendant to his daughter do not rise to the level of "an ongoing structure or organization." *Comm. to Protect Our Agric. Water*, 235 F.Supp.3d at 1173. Nor do several authorities' failure to act. Even if these authorities acted unlawfully, Mr. Kelly would have to plead that these authorities acted together with a "common purpose . . . engaged in enterprise conduct distinct from their own affairs." *Id.* (internal citation omitted). There is nothing to that effect in the complaint with respect to any defendant. (Doc. 19.) This deficiency is particularly clear with respect to Defendant Ebay Inc., who is alleged to have "facilitated and profited from the sale of counterfeit prints . . . through its online platform." (Doc. 19 ¶ 14.) A routine commercial relationship is not a common purpose sufficient to establish an enterprise. *Kammerer v. PennyMac Loan Servs. LLC*, No. CV-24-00437-TUC-RM, 2025 WL 3041894, at *7 (D. Ariz. Oct. 31, 2025) (finding that "Plaintiff has failed to adequately plead the existence of an enterprise because there is an absence of facts showing that any common purpose—distinct from a routine commercial relationship"—exists). Mr. Kelly does not adequately plead the existence of an enterprise, so his RICO claim cannot be sustained. The Court need not analyze Mr. Kelly's alleged RICO claim under the other required elements.

The Court will also note that Mr. Kelly's RICO claim is also time barred. The statute of limitations for a RICO claim is four years. *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th

Cir. 2001); *see also Camboni v. MGM Grand Hotel, LLC*, No. CV11-1784-PHX-DGC, 2012 WL 2915080, at *3 (D. Ariz. July 16, 2012). This "limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay*, 238 F.3d at 1109 (quoting *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996) (citation modified)). "[A] plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Chang v. Farmers Ins. Co., Inc.*, 648 F. Supp. 3d 1174, 1178 (C.D. Cal. 2022) (internal quotation marks omitted). With respect to the allegations that speak to unlawful conduct and the "ties" between Defendants, Mr. Kelly indicates that he was made aware of these facts through three private investigators hired between 2006 and 2015. (Doc. 19 ¶¶ 22-23.) That is more than four years ago, so it is too late to bring a RICO claim based on those acts.

### D.    Count Three: State Law Fraud

Mr. Kelly's state law fraud claims are not sufficiently pled. Those claims are subject to the heightened pleading standard under Rule 9(b). *See* Fed. R. Civ. P. 9(b). Mr. Kelly alleges "Defendants made false representations and concealed material facts regarding the ownership, licensing, and distribution of the photograph." (Doc. 19 ¶ 42.) In the factual allegations, Mr. Kelly fails to state the "circumstances constituting fraud . . . with particularity." *Alan Neuman Prods., Inc.*, 862 F.2d at 1392. Mr. Kelly does not state where and when such actions occurred, nor does Mr. Kelly elaborate on the contents of the false misrepresentations and why they were false. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (noting that "Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (citation modified). This claim must be dismissed.

## V.    MOTION FOR SERVICE BY U.S. MARSHALS SERVICE

Mr. Kelly filed a Motion to Direct the U.S. Marshals Service to Serve All Defendants. (Doc. 40.) The motion requests that the Court direct the U.S. Marshals Service

"immediately serve all ten defendants" with "every motion in this bundle," "the Default Judgment Order (once signed)," "the Final Judgment," "collection writs," "enforcement actions," and "notices to banks, employers, agencies, and all recipients of fraudulent proceeds." (*Id.* at 2, 4.) The Court previously granted Mr. Kelly's request to proceed *in forma pauperis*. (Doc. 14.) Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, service by U.S. Marshal is required when a "plaintiff is authorized to proceed in forma pauperis" and requests such service. The Court will grant Mr. Kelly's demand for service by U.S. Marshal but deny the motion (Doc. 40) to the extent Mr. Kelly request differs from the instructions provided below.

## VI.    OTHER MOTIONS

There are five other pending motions, including three Motions for Summary Judgment (Docs. 24, 28, 32), a Motion for Order for Forensic Financial and Travel Investigation (Doc. 32), a Motion for Clerk's Entry of Default (Doc. 37), and a Motion for Default Judgment (Doc. 39). The motions must be dismissed.

The motions for summary judgment (Docs. 24, 28, 32) are premature. "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Courts deny pre-answer and pre-discovery motions for summary judgment. *See, e.g.*, *Anthony v. Cnty. Of San Diego*, No. 25-CV-0310-BAS-MMP, 2025 WL 1134611 (S.D. Cal. Apr. 16, 2025). Without discovery or a responsive pleading, the Court cannot yet determine whether there is a genuine issue of material fact, so the Court must deny the motions for summary judgment (Docs. 24, 28, 32) as premature.

The motion for entry of default (Doc. 37) and motion for default judgment (Doc. 39) are also ill-timed. Mr. Kelly has not effectuated service under Rule 4 of the Federal Rules of Civil Procedure. When a "[p]laintiff fail[s] to effectuate service under Rule 4, a clerk's entry of default is not appropriate." *Spann v. Cox Comm.*, No. 23-CV-00093-GMN-EJY,

2023 WL 7287495, at (D. Nev. Oct. 16, 2023) (citation omitted). That is because, without service, the court does not have personal jurisdiction over a defendant. *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). The Court therefore does not have the authority to enter default at this time. And because seeking a default judgment is a two-step process that first requires an entry of default, the Court cannot enter a default judgment. The Court denies Mr. Kelly's motion for entry of default (Doc. 37) and motion for default judgment (Doc. 39).

Finally, the Court must deny Mr. Kelly's Motion for Forensic Financial and Travel Investigation (Doc. 32). Mr. Kelly states only that Federal Rules of Civil Procedure 26 and 34 "permit discovery of financial and travel records." (Doc. 32 at 5.) While it is true Rule 26 permits discovery, that discovery must be conducted in accordance with the means prescribed by Rules 30 through 36, and 45. Fed. R. Civ. P. 26, 30-36, 45. For example, Mr. Kelly could request a production of documents from a non-party by serving a subpoena under Federal Rule of Civil Procedure 45. A court order is not appropriate at this time, so the Motion for Forensic Financial and Travel Investigation (Doc. 32) must be denied.

## VII.    CONCLUSION

While the Court appreciates Mr. Kelly is proceeding *pro se* and construes Mr. Kelly's complaint liberally, the Court must dismiss all of Mr. Kelly's claims, except his claim against Mr. Young for copyright infringement. The other claims do not satisfy the pleading standards under Federal Rules of Civil Procedure 8 and 9(b). Because the Court has already afforded Mr. Kelly an opportunity to cure the defects in his complaint, and Mr. Kelly does not request leave to amend his complaint again, the case will proceed on the current operative pleading (Doc. 19). *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Retransfer Venue (Doc. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Counts Two and Three of Plaintiff's Amended Complaint (Doc. 19) are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Count One of Plaintiff's Amended Complaint

(Doc. 19) is dismissed as to all Defendants except Defendant Raymond Young.

**IT IS FURTHER ODERED** that Plaintiff's motions for summary judgment (Docs. 24, 28, 32), Motion to Retransfer Venue (Doc. 32), Motion for Clerk's Entry of Default (Doc. 37), and Motion for Default Judgment (Doc. 39) are **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Service by U.S. Marshals (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**. The Court directs the following:

(1)    The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. 19), this Order, and both a summons and request for waiver form for Defendant.

(2)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshals Service ("USMS") will not provide service of process if Plaintiff fails to comply with this Order.

(3)    The USMS must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(4)    The USMS must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The USMS must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the USMS, the USMS must:

(a)    Personally serve copies of the Summons, Complaint, and this Order upon Defendant.

(b)    Within 10 days after personal service is effected, file the returns of service for Defendant along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-

285) and must include the costs incurred by the USMS for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipts and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the USMS, not the Plaintiff.

Dated this 1st day of December, 2025.


*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge