**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E Kelly, | No. CV-25-02376-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Raymond Cedric Young, et al., | |
| Defendants. | |

**I.**

The Court previously screened Plaintiff's complaint and granted Plaintiff's Motion for Service by U.S. Marshals Service. (Doc. 43.) Plaintiff timely returned the service packet to the Clerk of Court, but when USMS attempted service, the packet was returned as unexecuted. (Doc. 47.) The Marshals Service noted that Defendant Raymond Young did not reside at the address provided by Plaintiff. (*Id.*)

Federal Rule of Civil Procedure 4(m) provides a 90-day deadline to effectuate service after the complaint is filed absent a showing of good cause. But where a pro se plaintiff fails to provide the Marshals Service with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. *Walker v. Summer*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). The Court will provide Plaintiff with an opportunity to show cause why Defendant should not be dismissed from this action for failure to serve process. If Plaintiff is unable to provide the Marshals Service with additional information allowing it to effectuate

service, Defendant will be dismissed.

## II.

The Court now addresses the three motions Plaintiff filed on the same day that the Court issued its previous order. (Docs. 44-46.)

Plaintiff filed a Motion for Summary Judgment (Doc. 44). In this Court's prior order, the Court denied three motions for summary judgment as premature. (Doc. 43.) The Court denies the present motion pursuant to the authorities cited in its prior order. (*Id.* at 14.) Plaintiff is admonished that the Court will summarily strike any further motions for summary judgment filed before the commencement of discovery.

Plaintiff also filed an Emergency Motion for U.S. Marshal Enforcement (Doc. 45). The motion asks for extraordinary relief, including the "[i]mmediate . . . apprehension of Raymond Cedric Young" and the "[g]arnishment of all accounts held by any Defendant." (*Id.*) Plaintiff lists legal authority, but none of it supports Plaintiff's conclusion that such extraordinary relief is warranted. (*Id.*) And even if the cited authority is relevant, Plaintiff does not explain how. (*Id.*); *see Green v. LeGrand*, No. 2:14-cv-01388-APG-NJK, 2017 WL 574379, at *3 (D. Nev. Feb. 13, 2017) ("A federal court is not required to construct legal arguments for a *pro se* plaintiff") (citation modified). Accordingly, the Court will deny the motion (Doc. 45).

Also pending is Plaintiff's Motion to Register and Enforce State Court Judgment (Doc. 46). Plaintiff's "motion is made under 28 U.S.C. § 1963" and "moves this Court for an Order registering and enforcing the final judgment entered in Maricopa County Superior Court." (*Id.*) But "28 U.S.C. § 1963 does not allow federal courts to enforce state-court judgments." *Griffith v. Paran LLP*, No. 2:21-cv-01397-GMN-BNW, 2022 WL 409725, at *2 (D. Nev. Feb. 10, 2022) (citation omitted). The motion (Doc. 46) will be denied.

## III.

**IT IS ORDERED** that Plaintiff must show cause no later than **March 2, 2026**, why Defendant Raymond Cedric Young should not be dismissed from this action for failure to serve process.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 44) is **DENIED**. The Court will summarily strike any further motions for summary judgment that are filed before the commencement of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for U.S. Marshal Enforcement (Doc. 45) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Register and Enforce State Court Judgment (Doc. 46) is **DENIED**.

Dated this 12th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge